# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| CALVIN L. JOHNSON,<br>    Petitioner, | Case No. 1:12-cv-560 |
| | Spiegel, J. |
| vs. | Litkovitz, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 1, 6, 9).

## I.    PROCEDURAL HISTORY

### State Trial Proceedings

On September 22, 2010, the Butler County, Ohio grand jury returned a four-count indictment charging petitioner with aggravated robbery, aggravated burglary and two counts of having weapons while under disability. (Doc. 6, Ex. 1). The aggravated robbery and aggravated burglary counts both included a firearm specification. *Id.* Petitioner, through counsel, entered a plea of not guilty to all counts charged in the indictment.

On October 27, 2010, petitioner entered into a plea agreement. Petitioner plead guilty to one count of aggravated robbery, with a firearm specification, and one count of having weapons while under disability. (Doc. 6, Ex. 3). On December 1, 2010, petitioner was sentenced to an aggregate sentence of nine years in prison. (Doc. 6, Ex. 4).

### Motion to Withdraw Guilty Plea

On December 8, 2010, petitioner moved the trial court to withdraw his guilty plea. (Doc. 6, Ex. 5). Petitioner's motion was denied by the trial court on January 10, 2011. (Doc. 6, Ex. 6).

### Direct Appeal

On December 9, 2010, during the pendency of his motion to withdraw his guilty plea, petitioner filed a pro se notice of appeal and an amended notice of appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 7, 8). Petitioner, through counsel, also filed an appeal of the trial court's denial of his motion to withdraw his guilty plea. (Doc. 6, Ex. 9). The appeals were consolidated. (Doc. 6, Ex. 10). Counsel for petitioner thereafter submitted a merits brief raising the following two assignments of error:

1. The trial court erred to the prejudice of defendant-appellant when it issued an ambiguous judgment of conviction entry regarding the length of appellant's term of imprisonment for the gun specification.

2. The trial court erred to the prejudice of defendant-appellant when it refused to allow him to withdraw his plea of guilty.

(Doc. 6, Ex. 11). On June 20, 2011, the Ohio Court of Appeals issued a judgment entry affirming in part and reversing in part the judgment of the trial court. (Doc. 6, Ex. 13). The case was remanded for the limited purpose of issuing a *nunc pro tunc* judgment of conviction entry to correct a clerical error in petitioner's judgment of conviction entry.[1] *Id.*

On June 29, 2011, the trial court issued a judgment of conviction entry *nunc pro tunc* in compliance with the Ohio Court of Appeals' June 20, 2011 decision. (Doc. 6, Ex. 14).

---

[1] Petitioner's judgment of conviction entry stated that petitioner was to serve a prison term of "three (1) year" for the firearm specification. (Doc. 6, Ex. 13, p. 5; Ex. 4, p. 1).

2

**Ohio Supreme Court**

On August 1, 2011, petitioner filed a pro se notice of appeal to the Ohio Supreme Court.

(Doc. 6, Ex. 15). In his memorandum in support of jurisdiction, petitioner raised the following

two propositions of law:

1. A trial court violates the appellant's constitutional right to a fair trial and the due process of law, both of which are guaranteed to him by the 5th and 14th Amendments of the U.S. Constitution when it refuses to allow him to withdraw his guilty plea based on a claim of ineffective assistance of counsel of which he is also constitutionally guaranteed by the 6th Amendment of the U.S. Constitution and the equivalent Articles of the Ohio Constitution.

2. A trial court violates an appellant's right to the due process of law and a fair trial which are guaranteed him by the 5th and 14th Amendments of the U.S. Constitution when it issues an incorrect and void judgment entry and then attempts to correct the problem with a nunc pro tunc entry when he has the right to a new sentencing hearing.

(Doc. 6, Ex. 16). On November 2, 2011, the Ohio Supreme Court denied petitioner leave to

appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc.

6, Ex. 18).

**Federal Habeas Corpus**

Petitioner filed the instant federal habeas corpus action on July 24, 2012. (Doc. 1).

Petitioner raises three grounds for relief in the petition:

**GROUND ONE**: Ineffective assistance of counsel concerning plea 5th, 6th & 14th.

Supporting Facts: Trial counsel lied to this Petitioner about what "Deal" he had arra[]nged in exchange for guilty plea and then committed perjury in hearing held on the matter which can be proven by clear and convincing evidence.

**GROUND TWO**: Trial Court refused to allow withdrawal of plea 5th and 14th Amendments.

Supporting Facts: This Petitioner's plea was not made knowingly, intelligently or voluntarily due to the improper actions of counsel and when these actions were demonstrated for the court it refused to allow plea to be withdrawn even though it

3

is unconstitutional.

**GROUND THREE**: Trial Court issued an improper sentencing entry 5th & 14th Am.

Supporting Facts: Court issued and improper sentencing entry and then changed it with a Nunc Pro Tunc order depriving this Petitioner any opportunity to object or the right to be present at all critical stages of the proceedings.

(Doc. 1).

Respondent has filed a return of writ in opposition to the petition. (Doc. 6). Respondent contends that petitioner's grounds are not cognizable or without merit.

## II. THE PETITION SHOULD BE DENIED

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)), *cert. denied*, 132 S.Ct. 1743 (2012). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when

4

'the state court identifies the correct governing legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-

600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600.

As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's
> standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179
> L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the
> record before the state court where a claim has been adjudicated on the merits by
> the state court). It is not enough for us to determine that the state court's
> determination is *incorrect*; to grant the writ under this clause, we must hold that
> the state court's determination is *unreasonable*. . . . This is a "substantially higher
> threshold.". . . To warrant AEDPA deference, a state court's "decision on the
> merits" does not have to give any explanation for its results, *Harrington v.
> Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need
> to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the
> result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3,
> 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court recently extended its ruling in *Harrington* to hold

that when a state court rules against a defendant in an opinion that "addresses some issues but

does not expressly address the federal claim in question," the federal habeas court must presume,

subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the

"restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, __ U.S. __, 133

S.Ct. 1088, 1091 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete

bar on federal court relitigation of claims already rejected in state proceedings" and "preserves

authority to issue the writ in cases where there is no possibility fairminded jurists could disagree

that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S.Ct.

at 786. In other words, to obtain federal habeas relief under that provision, the state prisoner

must show that the state court ruling on the claim presented "was so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Id.* at 786-87.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim

under § 2254(d), the federal habeas court must apply the Supreme Court precedents that

controlled at the time of the last state-court adjudication on the merits, as opposed to when the

conviction became "final." *Greene v. Fisher,* __ U.S. __, 132 S.Ct. 38, 44-45 (2011); *cf. Otte,* 654

F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a

claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases

already decided at the time the state court made its decision"). In *Greene*, 132 U.S. at 44, the

Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388, 179
> L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that
> was before the state court that adjudicated the prisoner's claim on the merits. We
> said that the provision's "backward-looking language requires an examination of
> the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The
> reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1)
> requires federal courts to "focu[s] on what a state court knew and did," and to
> measure state-court decisions *as of 'the time the state court renders its decision.'"*
> *Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .;
> emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and

interpreted the relevant Supreme Court case law to determine whether a legal principle or right

had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v.

Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010), *cert. denied,* 132 S.Ct. 127 (2011)). The writ may

issue only if the application of clearly-established federal law is objectively unreasonable "in

light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of

the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

### A. Grounds One and Two are without merit.

In Ground One, petitioner argues that he received the ineffective assistance of trial counsel because he claims that counsel lied to him regarding the plea bargain. (Doc. 1, p. 5). Petitioner also argues in Ground One that trial counsel committed perjury during his sentencing hearing when counsel stated that he spoke with petitioner's daughter prior to the hearing. *Id.* *See also* Doc. 6, Ex. 5, pp. 2, 4-5. In Ground Two, petitioner claims that his guilty plea was involuntary and that the trial court erred in failing to grant his motion to withdraw the plea. (Doc. 1, p. 6).

As an initial matter, to the extent petitioner claims he is entitled to relief because the trial court committed error or otherwise abused its discretion under state law in denying his motion to withdraw his guilty plea, petitioner raises issues of state law only that are not cognizable in this federal habeas corpus proceeding. *See, e.g., Xie v. Edwards,* 35 F.3d 567 (table), No. 93-4385, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (finding that the district court properly found that the question whether a trial court abused its discretion in denying the petitioner's motion to withdraw his plea is a question governed by Ohio's statutes and case law that cannot support federal habeas relief absent a showing that the alleged error rendered the proceedings fundamentally unfair). *See also Akemon v. Brunsman*, No. 1:06-cv-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007) (precluding court review of claim that trial court abused its discretion under Ohio law in denying petitioner's Rule 32.1 motion to withdraw guilty plea) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). In addition, this Court "must defer to a state court's interpretation of its own rules of evidence

and procedure when assessing a habeas petition." *Brooks v. Anderson*, 292 F. App'x 431, 437 (6th Cir. 2008) (quoting *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation marks omitted)).  Accordingly, petitioner is not entitled to habeas relief based upon any alleged error of state law committed in denying petitioner's motion to withdraw his guilty plea.

 The Fourteenth Amendment's Due Process Clause guarantees that a guilty plea must be made voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Boykin v. Alabama,* 395 U.S. 238, 242 (1968); *see also Brady v. U.S.,* 397 U.S. 742, 748 (1970); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir. 1994).  "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady,* 312 U.S. 329, 334 (1941)).  In *Brady,* the Supreme Court adopted the following standard for determining the voluntariness of a guilty plea:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady,* 397 U.S. at 755 (quoting *Shelton v. United States,* 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds,* 356 U.S. 26 (1958)).  The voluntariness of a guilty plea must be assessed in light of all the relevant circumstances surrounding the plea. *Brady,* 397 U.S. at 749; *King,* 17 F.3d at 153 (and cases cited therein).

 For a guilty plea to be deemed voluntarily entered with a "sufficient awareness of the relevant circumstances and likely consequences," the defendant must be correctly informed of the maximum sentence that could be imposed. *King,* 17 F.3d at 154; *Hart v. Marion Corr.*

8

*Instit.,* 927 F.2d 256, 259 (6th Cir. 1991). Although the defendant must be apprised of such "direct consequences" of the plea, the court is under no constitutional obligation to inform the defendant of all the possible "collateral consequences" of the plea. *King,* 17 F.3d at 153; *see also El-Nobani v. United States,* 287 F.3d 417, 421 (6th Cir. 2002). "When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). As the Supreme Court noted in *Blackledge v. Allison,* 431 U.S. 63 (1977):

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (internal citations omitted).

In the instant case, petitioner challenged the voluntariness of his guilty plea in light of the alleged ineffectiveness of his trial counsel on direct appeal. In overruling the assignments of error the Ohio Court of Appeals found petitioner's claims to be without merit:

> In his second assignment of error, appellant argues that the trial court erred by denying his post-sentence motion to withdraw his guilty plea. We disagree.
>
> Pursuant to Crim.R. 32.1, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Degaro*, Butler App. No. CA2008-09-227, 2009-Ohio-2966, ¶10, quoting *State v. Smith* (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. A manifest injustice "is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process." *State v. McMahon*, Fayatte App. No. CA2009-06-008, 2010-Ohio-2055, ¶6. A post-sentence motion to withdraw a guilty plea is allowable only in extraordinary cases, and therefore, because the decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court, an appellate court will not reverse a trial court's decision absent an

abuse thereof. *State v. Williams,* Warren App. No. CA2009-03-032, 2009-Ohio-6240, ¶11; *State v. Powell*, Clermont App. No. CA2009-05-028, 2009-Ohio-6552, ¶10.

Ineffective assistance of counsel is a proper basis for seeking a post-sentence withdrawal of a guilty plea. *State v. Eberle*, Clermont App. No. CA2009-10-065, 2010-Ohio-3563, ¶56; *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, ¶8. When an alleged error underlying a motion to withdraw a guilty plea is the ineffective assistance of counsel, such as the case here, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *State v. Finkbine*, Warren App. No. CA2005-06-068, 2006-Ohio-1788, ¶7; *State v. Xie* (1992), 62 Ohio St.3d 521, 524, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052.

Initially, appellant argues that he received ineffective assistance of counsel because his trial counsel promised him a "much shorter sentence" than he received, "rushed and pressured him to agree to the plea bargain," only met with him "the few times that [he] was brought to the courthouse," and had "not prepared any strategy or defense." The record, however, actually indicates that the opposite is true.

For instance, when the trial court asked appellant at his October 27, 2010 plea hearing whether anyone forced him to enter his plea, or if anyone had made promises to him in exchange for his plea, appellant responded in the negative. In addition, when asked if he had an opportunity to consult with his attorney, and if he was satisfied with counsel's advice, appellant answered "Yes" to both questions. The record also contains a "Plea of Guilty and Jury Waiver" form, a document that appellant admittedly signed after reviewing it with his trial counsel, which specifically said he was "satisfied with [his] attorney's advice and competence." Moreover, during appellant's December 1, 2010 sentencing hearing, the prosecutor informed the trial court that appellant's trial counsel "essentially wore [him] out on the phone talking about this case," thus prompting the favorable plea agreement.

As can be seen, besides his bare assertions to the contrary, the record is devoid of any evidence to support appellant's claims. See, e.g., *State v. Moncrief*, Franklin App. No. 08AP-153, 2008-Ohio-4594, ¶14, ¶22-23. A defendant's "bare unsubstantiated assertions" are insufficient to demonstrate a manifest injustice. *State v. Graham*, Allen App. No. 1-04-27, 2004-Ohio-4397, ¶22, quoting *State v. Grigsby* (1992), 80 Ohio App.3d 291, 300; *State v. Harris*, Montgomery App. No. 19013, 2002-Ohio-2278, 2002 WL 940186, at *3. Therefore, appellant's first argument is overruled.

(Doc. 6, Ex. 13, pp. 2-4).

The undersigned finds that petitioner has failed to demonstrate that the Ohio Court of Appeals' decision was contrary to or an unreasonable application of Supreme Court precedent. First, a review of the record shows that petitioner's guilty plea was voluntary, intelligent, and entered after being fully informed of his constitutional rights.

During petitioner's plea hearing, the trial court reviewed with petitioner the charges and maximum penalties associated with the offenses. (Doc. 6, Plea Transcript pp. 2-3). Petitioner affirmed that he understood the charges and maximum penalties he faced. *Id.* at 3. Petitioner further affirmed that he carefully read over his plea of guilty and jury waiver form and reviewed it with his attorney. *Id.* at 4-5. The trial court also reviewed with petitioner the constitutional rights that he would waive by entering his guilty pleas. Petitioner indicated that he understood that he had a right to a jury trial, to call and compel witnesses to testify on his behalf, to cross examine adverse witnesses, that he could not be forced to testify against himself, and that the state was required to prove that he was guilty beyond a reasonable doubt. *Id.* at 6-7. Petitioner stated that no one had forced him to enter a guilty plea or made any promises in exchange for his plea. *Id.* at 7. Finally, petitioner indicated that he had an opportunity to consult with his attorney and that he was satisfied with his advice. *Id.* at 8.

As reasonably determined by the Ohio Court of Appeals, the record in this case demonstrates that petitioner understood the change of plea proceedings and the implications of entering his guilty pleas. Petitioner has thus failed to demonstrate that his plea was involuntary, unintelligent, or entered without being fully informed of his constitutional rights.

Petitioner has also failed to demonstrate that the Ohio Court of Appeals' decision was unreasonable with regard to his ineffective assistance of trial counsel claim. Although petitioner argues that his attorney provided ineffective assistance, the record in this case belies his claim.

As noted above, prior to entering his guilty plea, petitioner indicated that he had an opportunity to discuss the plea with counsel and that he was satisfied with his advice. It was only after petitioner was sentenced that he claimed that he "never even discussed the case with him." (Doc. 6, Disposition Hearing pp. 8-9). Furthermore, the Ohio Court of Appeals reasonably found that the record does not support petitioner's claim that his attorney promised him a shorter sentence. Petitioner claims that trial counsel "falsely represented to him that he had negotiated a plea deal of 1 year with the State, and that if this Petitioner would plead open (sic), the court would impose that sentence." (Doc. 9, p. 1). On this basis, petitioner claims that trial counsel induced him to enter the guilty plea. *Id.* at 2. However, prior to entering his guilty plea, petitioner affirmed that no one had forced him to enter a guilty plea nor made any promises to him in exchange for the plea. Based on the record in this case, the Ohio Court of Appeals reasonably determined that petitioner's ineffectiveness of trial counsel claim was without merit.

Finally, petitioner requests an evidentiary hearing to present evidence in support of his ineffective assistance of counsel claim, including an affidavit from his daughter which is attached to his reply brief. (Doc. 9 at 4-7). To the extent petitioner requests a hearing on issues that were adjudicated by the state courts, this Court is not permitted to consider evidence outside the state-court record in assessing, under the applicable the standard of review set forth in 28 U.S.C. § 2254(d), whether the state courts' rulings were contrary to or involved an unreasonable application of clearly-established Supreme Court precedents, or were based on an unreasonable determination of the facts. *See Cullen v. Pinholster,* 131 S.Ct. 1388, 1398 (2011); *see also Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 464 (6th Cir.), *cert. denied*, 133 S.Ct. 141 (2012); *Robinson v. Howes,* 663 F.3d 819, 823 (6th Cir. 2011); *Sheppard v. Bagley,* 657 F.3d 338, 343-44 (6th Cir. 2011). *Cf. Barton v. Warden, Southern Ohio Corr. Facility*, No.

1:09cv353, 2011 WL 2293225, at *4-5 (S.D. Ohio June 8, 2011) (Merz, M.J.) (vacating order granting an evidentiary hearing in a § 2254 habeas case in light of *Pinholster*).

Moreover, to the extent petitioner requests an evidentiary hearing on issues that were not adjudicated on the merits and were not factually developed in the underlying state-court proceedings, he has not demonstrated that an evidentiary hearing is warranted in this case. In order to obtain an evidentiary hearing in such circumstances, petitioner must demonstrate that (1) "he attempted to develop the factual basis for his claims in state court with the requisite diligence;" or (2) he satisfied the standards set forth in 28 U.S.C. § 2254(e)(2) by showing that a new constitutional rule applies to his claims for relief or that the factual predicate of such claims was previously undiscoverable through the exercise of due diligence. *See Keeling*, 673 F.3d at 464-65 (citing *Pinholster*, 131 S.Ct. at 1398 & 1400 n.4; *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011)); *see also Robinson*, 663 F.3d at 823-24. No such showing has been made in this case.

Accordingly, petitioner has failed to demonstrate that the Ohio Court of Appeals' decision finding that his guilty pleas were entered voluntarily, knowingly, and intelligently was contrary to or an unreasonable application of Supreme Court precedent. After a review of the record the undersigned finds that petitioner's claims in Grounds One and Two are without merit. Therefore petitioner is not entitled to habeas relief based on these grounds for relief.

**B. Ground Three is without merit.**

In Ground Three petitioner claims that his right to be present at all critical stages of the proceedings was violated when the trial court corrected an improper sentencing entry with a *nunc pro tunc* order. Petitioner refers to the trial court's June 29, 2011 correction of a clerical error in the sentencing entry. (*See* Doc. 6, Ex. 14). Although petitioner was sentenced to one year for

the firearm specification, the initial sentencing entry stated that petitioner was to serve a prison term of "three (1) year." (*See* Doc. 6, Ex. 13, pp. 5-6). The trial court corrected the sentence to accurately reflect that petitioner was to serve an additional prison term of "one (1) year." (Doc. 6, Ex. 14).

A criminal defendant's right to be present at all critical stages of his criminal trial is rooted in both the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. *U.S. v. Gagnon*, 470 U.S. 522, 526 (1985). Where a defendant is not actually confronting witnesses or evidence against him, as in the instant case, the right is protected by the Due Process Clause, which requires a defendant to be present "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Mass.*, 291 U.S. 97, 105-106 (1934) (overruled on other grounds by *Malloy v. Hogan*, 378 U.S. 1 (1964)). The Constitution does not require the defendant to be present when "presence would be useless or the benefit but a shadow." *Id.*

In this case, petitioner is not entitled to habeas relief because the *nunc pro tunc* judgment entry was not a "critical stage" of his criminal proceedings. *See Jimenez v. Janda*, No. CV 12-06701-JST (MLG), 2013 WL 1658543, at *5 (S.D. Cal. Jan. 23, 2013) ("Petitioner did not have a constitutional right to be present when the trial court entered the nunc pro tunc order to correct an inadvertent computational error because this was not a 'critical stage' of the criminal proceedings.") (Report and Recommendation), *adopted*, 2013 WL 1387288 (S.D. Cal. Apr. 4, 2013). *See also Martin v. Hall*, No. 1:09-cv-378, 2010 WL 8435571, at *13-14 (Mar. 31, 2010 N.D. Ohio) (Report and Recommendation), *adopted*, 2012 WL 601912 (N.D. Ohio Feb. 23, 2012); *Kleparek v. Fla.,* No. 08-60876-Civ., 2009 WL 6621465, at *12 (Aug. 17, 2009 S.D. Fla). Furthermore, although petitioner contends that he was deprived of his ability to re-argue his

14

motion to withdraw his guilty plea because of the *nunc pro tunc* entry (*see* Doc. 9, p. 7), the Ohio

Court of Appeals affirmed the trial court's denial of his motion to withdraw his plea before

remanding the case "for the limited purpose of issuing the necessary nunc pro tunc judgment of

conviction entry conforming to the sentence pronounced at appellant's December 1, 2010

sentencing hearing." (Doc. 6, Ex. 13, p. 6). Petitioner has thus failed to demonstrate that he was

prejudiced or otherwise deprived of a fair and just hearing by virtue of the *nunc pro tunc*

judgment entry. *Cf. United States v. Denne*, No. 93-3080, 1994 WL 162606 at *2 (6th Cir. Apr.

29, 1994) ("where the subsequent proceedings are merely remedial in nature, such as those in

which an illegal sentence is corrected, the defendant's presence is not required, so long as the

modification does not make the sentence more onerous"). Accordingly, petitioner is not entitled

to habeas relief based on Ground Three of the petition.

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas

relief. Having found that petitioner's three grounds for relief are without merit, the petition

should be denied with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1)

be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the

petition, which have been addressed on the merits herein, because petitioner has not stated a

"viable claim of the denial of a constitutional right," nor are the issues presented "adequate to

deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000)

(citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed.

15

R. App. P. 22(b).

      3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  3/10/2014

                                 Karen L. Litkovitz
                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CALVIN L. JOHNSON,                            Case No. 1:12-cv-560
       Petitioner,

                                            Spiegel, J.
     vs.                                 Litkovitz, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
       Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Calvin Johnson # 634-945
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7002 3150 0000 8389 9906

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540