UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CALVIN L. JOHNSON,  :
: NO. 1:12-cv-00560
Petitioner,  :
:
:
v.  : **ORDER**
:
:
WARDEN, LEBANON CORRECTIONAL  :
INSTITUTION,  :
:
Respondent.

This matter is before the Court on the March 10, 2014 Report and Recommendation of Magistrate Judge Karen L. Litkovitz (doc. 10), to which there has been no objection.[1]

In September 2010, Petitioner was indicted with aggravated robbery, aggravated burglary and two counts of having weapons while under disability (doc. 6, Exh. 1). In late October, he entered into a plea agreement in which he pled guilty to one count of aggravated robbery (with a firearm specification) and one count of having weapons while under disability (doc. 6, Exh. 3). On December 1, 2010, Petitioner was sentenced to an eight-year term for the aggravated robbery and a mandatory, consecutive one-year term for the firearm specification for an

---

[1] In this regard we note that an "Acknowledgment of Service" was signed on Petitioner's behalf by (as best we can decipher) one "B. Lindemord" on March 11, 2014 and docketed by the Clerk the next day (doc. 11).

1

aggregate of nine years (doc. 6, Exh. 4). One week later, Petitioner moved to withdraw his guilty plea, contending that his attorney had represented to him that he would only be sentenced to a one-year term (doc. 6, Exh. 5). He also filed a pro se notice of appeal with the Court of Appeals of Butler County, Twelfth Appellate District (doc. 6, Exh. 7). After the trial court denied his motion to withdraw (doc. 6, Exh. 6), Petitioner, through counsel, filed a second appeal that was consolidated with his pro se appeal (doc. 6, Exhs. 8, 9, 10). Counsel raised two assignments of error, the first concerning "an ambiguous judgment of conviction entry regarding the length of [Petitioner's] term of imprisonment for the gun specification" and the second concerning the trial court's refusal to allow him to withdraw his plea of guilty (doc. 6, Exh. 11 at 2). The court of appeals affirmed in part and reversed in part, remanding the case for the very limited purpose of issuing a nunc pro tunc judgment of conviction entry to correct the clerical error in Petitioner's judgment of conviction entry dated December 1, 2010 (doc. 6, Exh. 13). Petitioner filed a pro se notice of appeal with the Supreme Court of Ohio, alleging two propositions of law in support of jurisdiction: first, that his Fifth (and Fourteenth) Amendment rights to a fair trial and to due process were violated when the trial court refused to allow him to withdraw his guilty plea on

2

the basis that his Sixth Amendment right to effective assistance of counsel was violated; and second, that his Fifth (and Fourteenth) Amendment rights to a fair trial and to due process were violated when the trial court issued an incorrect and void judgment of conviction entry and then attempted to correct it with a <u>nunc pro tunc</u> entry instead of recognizing his right to a new sentencing hearing (doc. 6, Exhs. 15, 16). The Supreme Court of Ohio dismissed the appeal "as not involving any substantial constitutional question[]" (doc. 6, Exh. 18).

    Petitioner raises three grounds for relief in the instant petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Ground One involves "[i]neffective assistance of counsel" in violation of his Fifth, Sixth and Fourteenth Amendment rights (doc. 1 at 5). Petitioner argues that he received ineffective assistance when his trial counsel lied to him regarding the plea bargain and when his trial counsel committed perjury during the sentencing hearing with regard to whether he spoke with Petitioner's daughter prior to that hearing (doc. 9 at 1-3). Ground Two involves "[t]rial [c]ourt refus[al] to allow withdraw[a]l of plea" in violation of his Fifth and Fourteenth Amendment rights with Petitioner arguing that his trial counsel's alleged improper actions rendered said plea involuntary (doc. 1 at 6). Ground Three involves "[t]rial [c]ourt's issue[] [of] an improper sentencing entry[]" in

violation of his Fifth and Fourteenth Amendment rights (doc. 1 at 8). Petitioner argues that his right to be present at all critical stages of the proceedings was violated when the trial court corrected the error in its December 1, 2010 entry with a nunc pro tunc entry dated June 29, 2011 (doc. 9 at 7).

The Magistrate Judge noted, as an initial matter, that Petitioner is not entitled to habeas relief based upon any alleged error of state law committed in denying his motion to withdraw his guilty plea (doc. 10 at 7-8). She surveyed the applicable case law and quoted extensively from the opinion of the Court of Appeals of Butler County. She concluded that Petitioner has failed to demonstrate that that state appellate ruling that relate to Grounds One and Two was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court as required under 28 U.S.C. § 2254(d). Her review of the record revealed that Petitioner's guilty plea was voluntary and intelligent and entered after being fully informed of his constitutional rights, thus demonstrating that Petitioner understood the change of plea proceedings and their consequences. Her review of the record also revealed that Petitioner stated that he had had an opportunity to discuss the plea with his trial counsel and was satisfied with his advice, and that no one had forced him to enter a guilty plea or had made any promises to him in exchange

4

for it. Thus, the Magistrate Judge reports that the state appellate court reasonably decided that Petitioner's claims of lack of due process and ineffective assistance of counsel were without merit. (See doc. 10 at 8-12.)

The Magistrate Judge next considered Petitioner's request for an evidentiary hearing to present evidence in support of his ineffective assistance of counsel claim, including an affidavit from his daughter that he attached to his reply brief (see doc. 9). To the extent Petitioner seeks a hearing on issues already adjudicated in the state appellate courts, this Court may not consider evidence outside the state-court record under the standard of review set forth in Section 2254(d)(1). Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). To the extent Petitioner seeks a hearing on issues not adjudicated on the merits and not factually developed in the underlying state court proceedings, he must show that he attempted to develop the factual basis for such claims with requisite diligence, see Williams v. Taylor, 529 U.S. 420, 430-37 (2000), or, under the standard described in Section 2254(e)(2)(A)(i)-(ii), show either that a new constitutional rule applies to his claims or that their factual predicate was previously undiscoverable through the exercise of due diligence. Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464-65 (6th Cir. 2011). The Magistrate Judge reports that no such showing has been made here. (Doc. 10

5

at 12-13.) In sum, then, she recommends that, because Grounds One and Two are without merit, Petitioner be denied habeas relief on these claims (doc. 10 at 13).

The Magistrate Judge likewise has determined that Ground Three lacks merit. A criminal defendant's right to be present at all "critical stages" of his criminal trial is rooted originally in the Confrontation Clause of the Sixth Amendment, but also finds support, in cases like the one at bar—where the defendant would <u>not</u> be confronting witnesses or the evidence against him—in the Due Process Clause of the Fourteenth Amendment. <u>United States v. Gagnon</u>, 470 U.S. 522, 526 (1985). But the right protected by the Due Process Clause attaches "to the extent that a fair and just hearing would be thwarted by [a defendant's] absence, <u>and to that extent only</u>." <u>Snyder v. Massachusetts</u>, 291 U.S. 97, 108 (1934) (emphasis added), <u>overruled on other grounds</u>, <u>Malloy v. Hogan</u>, 378 U.S. 1 (1964). The Fourteenth Amendment does <u>not</u> require a defendant's presence where his "presence would be useless, or the benefit but a shadow." <u>Id</u>. at 106-07. (Doc. 10 at 13-14.)

The initial sentencing entry dated December 1, 2010 provided that Petitioner was to serve an additional prison term of "<u>three</u> (1) year" for the firearm specification (doc. 6, Exh. 4 (emphasis added)). On remand, by <u>nunc pro tunc</u> entry dated June 29, 2011, the trial court corrected its error and provided

6

that Petitioner was to serve an additional prison term of "one (1) year" for the firearm specification (see doc. 6, Exh. 13 at 5-6 and Exh. 14 (emphasis added)). Because the second judgment entry did nothing more than correct a clerical error, it was not a "critical stage" of his criminal trial and Petitioner had no right to be present when it occurred.[2] See Jimenez v. Janda, No. CV 12-06701-JST (MLG), 2013 WL 1658543, at *5 (C.D. Cal. Jan. 23, 2013) ("Petitioner did not have a constitutional right to be present when the trial court entered the nunc pro tunc order to correct an inadvertent computational error because this was not a 'critical stage' of the criminal proceedings. . . . Given the factual circumstances of this case, it is clear that this was not a resentencing hearing, at which Petitioner's presence was constitutionally required[] . . . Thus, Petitioner has not shown that he is in custody in violation of the Constitution or laws of the United States, and he is therefore not entitled to habeas corpus relief.") (Report & Recommendation), adopted, 2013 WL 1387288 (C.D. Cal. Apr. 4, 2013). Compare United States v. Denne, No. 93-3080, 1994 WL 162606, at *2 (6th Cir. Apr. 29, 1994) ("[D]efendant need not be present every time judicial action modifying a sentence is taken. . . . Further, where the

---

[2] Petitioner does not dispute that the language of the applicable state statute makes the additional one-year term mandatory and requires that it be served consecutively; nor does he contend that his sentence was increased by virtue of the correction.

7

subsequent proceedings are merely remedial in nature, such as those in which an illegal sentence is corrected, the defendant's presence is not required, so long as the modification does not make the sentence more onerous."). Furthermore, the Magistrate Judge observed, Petitioner was not deprived of an opportunity to "re-argue" his motion to withdraw his guilty plea by virtue of the nunc pro tunc entry (see doc. 9 at 7). Rather, the Court of Appeals of Butler County reviewed and affirmed the trial court's denial of said motion before remanding the case "for the limited purpose of issuing the necessary nunc pro tunc judgment of conviction entry conforming to the sentence pronounced at [Petitioner's] December 1, 2010 sentencing hearing (doc. 6, Exh. 13 at 2-5, 6). (Doc. 10 at 14-15.) For these reasons, then, the Magistrate Judge recommends that habeas relief be denied on Petitioner's third claim as well (doc. 10 at 15).

Having reviewed this matter pursuant to 28 U.S.C. §636(b), the Court finds no clear error on the face of the record and, indeed, finds the Report and Recommendation to be thorough, well-reasoned and correct. See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Accordingly, the Court ACCEPTS,

8

ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 10). Therefore, Petitioner's petition for a writ of habeas corpus is DENIED WITH PREJUDICE. Further, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the petition, which have been decided on the merits, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," Slack v. Daniel, 529 U.S. 473, 483-484 (2000), and because the issues presented were inadequate "'to deserve encouragement to proceed further[,]'" id. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (citations and internal quotation marks omitted)). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in "good faith" and thus the Court DENIES Petitioner leave to appeal in forma pauperis. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: April 8, 2014        s/S. Arthur Spiegel_____
                            S. Arthur Spiegel
                            United States Senior District Judge